UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

BENJAMIN TORRES and CARMEN Y. VASQUEZ,

                        Plaintiffs,

   -v-

BALDE THIERNO MAMADOU, SARGENT LOGISTICS, INC., and JOHN DOES 1–10 (said names being fictitious and unknown) and/or ABC CORPS. 1–10 (said names being fictitious and unknown),

                        Defendants.

CIVIL ACTION NO.: 19 Civ. 6973 (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge**:**

    IT IS ORDERED that the following procedures shall govern the jury trial in this matter:

1. <u>Conduct of Trial</u>

    a. Trial in this case will begin on **Tuesday, December 13, 2022 at 9:30 am**, continuing to Monday, December 19, 2022, if necessary. On the first day of trial, counsel must arrive at 9:30 am in Courtroom 18A, 500 Pearl Street. Plaintiffs' first witness on the first trial day must be ready to testify at that time. On all subsequent days, counsel must arrive at the time directed by the Court. If at any time an emergency prevents counsel's prompt attendance, counsel should call the courtroom immediately at (212) 805-0109 or Chambers at (212) 805-0214.

    b. When a party's case commences, that party is expected to have witnesses available <u>to fill the trial day</u> as described in the preceding paragraph. Counsel are warned that if they do not have a witness available to testify at any point during the trial day, <u>the Court may deem the party to have rested</u>. Any requests to schedule a witness out of order or for a particular day must be made by a letter application that states the opposing party's position and that is sent (1) prior to trial and (2) as soon as counsel is aware (or should have been aware) of the limited availability of that witness. Untimely applications will be denied. Counsel are expected to be diligent in inquiring as to the availability of all witnesses (including expert witnesses) to ensure compliance with this paragraph.

    c. The Court will accept brief opening statements unless neither party desires to make such a statement.

    d. Speaking objections are prohibited. Counsel shall say the word "objection" followed by a brief word or phrase to indicate the nature of the objection (for

      example, "objection, hearsay" or "objection, Rule 403"). The Court will not normally conduct a sidebar during the trial. Counsel are expected to anticipate any problems that might require a ruling from the Court and to raise those issues with the Court outside the presence of the witness — normally in advance of the witness's testimony.

    e. Only one counsel may question a particular witness or address the Court with respect to that witness, including making objections to opposing counsel's examination of that witness. No witness (or other party) shall be referred to by first name unless that witness is a minor.

    f. Deposition testimony offered in lieu of live testimony will not be read aloud.

    g. Defendants' counsel will give a closing argument first, followed by Plaintiffs' counsel. The Court may ask questions of counsel during such arguments.

    h. Counsel should make certain that they have custody of all original exhibits. The Court does not retain them and the Clerk of Court is not responsible for them.

    i. If a witness needs an interpreter, the party calling such witness must arrange for the presence of a certified simultaneous interpreter. Similarly, a party needing an interpreter must arrange for the presence of a such an interpreter.

    j. In the event post-trial briefing is ordered, the parties will be required to give page citations to the transcript for any factual contentions (including, for example, citations to support proposed findings of fact). The Court warns the parties of this requirement so that they may make appropriate arrangements to order the transcript. At or prior to the commencement of trial, the parties may inquire of the Court whether the Court will require post-trial briefing.

    k. Post-judgment motions must be made within the time set by the applicable rules.

2. Final Pretrial Conference

    a. As the parties are aware, a Final Pretrial Conference is scheduled for **Wednesday, November 30, 2022 at 12:00 pm** in Courtroom 18A in the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York. (See ECF No. 119).

Dated:    New York, New York        SO ORDERED.
           October 19, 2022

                                                    **SARAH L. CAVE**
                                                    **United States Magistrate Judge**