UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENJAMIN TORRES and CARMEN Y. VASQUEZ,

Plaintiffs,

-v-

BALDE THIERNO MAMADOU, SARGENT LOGISTICS,
INC., and JOHN DOES 1–10 (said names being
fictitious and unknown) and/or ABC CORPS. 1–10
(said names being fictitious and unknown),

Defendants.

CIVIL ACTION NO.: 19 Civ. 6973 (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge**:**

Before the Court is the parties' request for a third adjournment of the trial of this personal injury action (the "Trial"), which is currently scheduled to begin on December 13, 2022. (ECF No. 125 (the "Third Request")). The basis for the Third Request is that, according to counsel, Plaintiff Benjamin Torres recently underwent surgery (the "Surgery") "allege[dly] relate[d] to the injuries claimed" in this case." (Id. at 1). For the reasons set forth below, the Third Request is DENIED WITHOUT PREJUDICE.

By way of background, on August 19, 2021, the Court denied Plaintiffs' motion for summary judgment and directed the parties to file their pretrial submissions. (ECF No. 65). On October 20, 2021, the parties filed a joint pretrial order, proposed voir dire questions, joint request to charge, and a verdict sheet (the "Pretrial Submissions"). (ECF Nos. 70–73; 75). On October 29, 2021, pursuant to court order, the parties advised the Court of all dates in January through April 2022 that they were unavailable for the Trial. (ECF No. 76 (the "October 2021 Letter")). Neither the October 2021 Letter nor any of the Pretrial Submissions indicated that Mr. Torres anticipated undergoing the Surgery. Based on the parties' representations, on

December 2, 2021, the Court advised the parties that the Trial would begin on March 17, 2022. (ECF No. 82).

On February 14, 2022, Plaintiffs requested to adjourn the Trial due to Plaintiff Carmen Vasquez's "serious [health] condition" at that time. (ECF No. 94 the "First Request")). In the First Request, Plaintiffs advised that Court for the first time that Mr. Torres was scheduled to undergo the Surgery on February 14, 2022, but that he had "canceled [it] due to his wife's serious medical condition." (Id.) The Court granted the First Request, and directed the parties to advise (i) of all dates in October through December 2022 that they were unavailable for the Trial, and (ii) if they believed a settlement conference would be productive. (Id.)

On March 2, 2022, the parties advised the Court of the dates they were unavailable for the Trial. (ECF No. 97 (the "March 2022 Letter")). In the March 2022 Letter, the parties advised that a settlement conference would not be productive because, inter alia, Mr. Torres was "in the process of scheduling" the Surgery. (Id. at 2). On August 2, 2022, the Trial was rescheduled to begin on October 11, 2022. (ECF No. 100).

On September 22, 2022, Plaintiffs requested a second adjournment of the Trial due to Mr. Torres' anticipated Surgery. (ECF No. 111 (the "Second Request")). Specifically, Plaintiffs indicated that, "despite submitting requests for precertification of the [S]urgery on September 6, 2022 and then again on September 20, 2022, they have yet to have pre-certification to schedule the [S]urgery." (Id. at 1). In support of the Second Request, Plaintiffs' argued that their "claim will be severely prejudiced if the case proceeds to trial without having the [S]urgery records and results before the jury." (Id.) The parties also asked the Court to refer the case to another Magistrate Judge for a settlement conference prior to Trial. (Id.)

On September 23, 2022, the Court granted the Second Request, adjourned the Trial to December 13, 2022, directed Plaintiffs to advise the Court as to the date of the Surgery within three days of when it was scheduled, and referred the parties to the Honorable Jennifer E. Willis for a settlement conference. (ECF No. 112). The Court advised the parties that it was "unlikely to grant any further extension absent extraordinary circumstances." (Id. ¶ 1). On October 13, 2022, Judge Willis scheduled a settlement conference for November 22, 2022 (the "Settlement Conference"). (ECF min. entry Oct. 13, 2022). On October 18, 2022, Plaintiffs advised the Court that the Surgery was scheduled for November 1, 2022. (ECF No. 122). Plaintiffs gave no indication that Mr. Torres would not be recovered in time to participate in the Trial.

On November 15, 2022, the parties filed the Third Request. (ECF No. 125). According to the parties, Mr. Torres "currently has a drain from a stent emanating from the incision in his back" from the Surgery, and that, "according to his surgeon, Mr. Torres will be incapacitated for at least two months post-surgery." (Id. at 1).

Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "[A] finding of 'good cause' depends on the diligence of the moving party." Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000). "A lack of prejudice . . . will not excuse a lack of diligence, Oppenheimer & Co. Inc. v. Metal Mgmt., Inc., No. 08 Civ. 3697 (FM), 2009 WL 2432729, at *3–4 (S.D.N.Y. July 31, 2009), adopted by, 2010 WL 743793 (S.D.N.Y. Mar. 2, 2010), but a court may consider prejudice as a secondary factor." Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC, No. Adv. Pro. No. 08-01789 (SMB), 2019 WL 80451, at *3 (Bankr. S.D.N.Y. Jan. 2, 2019)

(quoting Wolk v. Kodak Imaging Network, Inc., 840 F. Supp. 2d 724, 736 (S.D.N.Y. 2012), aff'd, 569 F. App'x 51 (2d Cir. 2014)).

The parties have failed to establish good cause for the Third Request.  As an initial matter, the Court cannot conclude that the parties have been diligent in scheduling or accounting for the effects of the Surgery, which Mr. Torres has known about since at least February 2022. (See ECF No. 94).  Moreover, while they represent that the Surgery occurred on November 1, 2022 and that "Mr. Torres will be incapacitated for at least two months" (ECF No. 125 at 1), the parties have provided no proof to support these assertions, such a sworn affidavit from Mr. Torres, a declaration from counsel, or a letter from Mr. Torres' doctor detailing the history and effects of the Surgery.  Given the lack of support for the Third Request, and the parties' history of requesting adjournments on the eve of Trial, the Court cannot find that good cause exists to adjourn the Trial for a third time.

Accordingly, the Third Request is DENIED WITHOUT PREJUDICE.  The parties may renew their request after the Settlement Conference, on a showing of good cause.

The Clerk of Court is respectfully directed to close ECF No. 125.

Dated:          New York, New York
                November 16, 2022

                                     SO ORDERED.


                                     _____
                                     SARAH L. CAVE
                                     **United States Magistrate Judge**